UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY BRIEGER, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>                    -against-<br><br>NATIONWIDE CREDIT, INC.,<br><br>            Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff MARY BRIEGER ("Plaintiff"), a New York resident, bring this class action complaint by and through her attorneys, Varacalli & Hamra, LLP, against Defendant NATIONWIDE CREDIT, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### NATURE OF THE ACTION

1.      Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.      Plaintiff is seeking damages, and declaratory and injunctive relief.

### JURISDICTION AND VENUE

4.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant is a corporation with a principal place of business in Atlanta, GA.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 1, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the AMERICAN EXPRESS ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.

- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS SPECIFIC TO MARY BRIEGER

15. Defendant alleges Plaintiff owes a debt ("the debt").

16. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The debt was incurred on a credit card.

18. The debt was incurred on a credit card issued by Creditor.

19. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

20. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

21. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated August 1, 2017. ("**Exhibit A**.")

22. The letter states that the balance is "Account Balance: $1,449.69."

23. The letter states, "The Account Balance as of the date of this letter is shown above. Your creditor may add interest and fees to your account balance from time to time in accordance with your agreement with the creditor. If you pay the above balance amount and, if your creditor requires an additional amount to consider your account paid in full, we will attempt to contact you."

24. The letter was the initial communication Plaintiff received from Defendant.

25. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692g(a)(1) and 1692e
### Failure to Adequately and Honestly Convey the Amount of the Debt

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

29. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

30. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

32. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

33. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

34. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

35. The letter states that the balance is "Account Balance: $1,449.69."

36. The letter states, "The Account Balance as of the date of this letter is shown above. Your creditor may add interest and fees to your account balance from time to time in accordance with your agreement with the creditor. If you pay the above balance amount and, if your creditor requires an additional amount to consider your account paid in full, we will attempt to contact you."

37. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

38. The letter fails to inform Plaintiff whether the amount listed already includes "interest."

39. The letter fails to inform Plaintiff whether the amount listed already includes "fees".

40. The letter fails to advise Plaintiff what portion of the amount listed is principal.

41. The letter fails to inform Plaintiff whether the amount listed will increase.

42. The letter fails to inform Plaintiff what "fees" might apply.

43. The letter fails to inform Plaintiff if "fees" are applied, when such "fees" will be applied.

44. The letter fails to inform Plaintiff if "fees" are applied, what the amount of those "fees" will be.

45. The letter fails to inform Plaintiff of the nature of the "fees."

46. The letter fails to inform Plaintiff if there is "interest," what the amount of the interest will be.

47. The letter fails to inform Plaintiff if there is "interest," when such interest will be applied.

48. The letter fails to inform Plaintiff if there is "interest," what the interest rate is.

49. The letter fails to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per day.

50. The letter fails to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per week.

51. The letter fails to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per month.

52. The letter fails to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per any measurable period.

53. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

54. Because the amount listed may be increased due to the addition of interest or fees, the sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of this letter," at any time after receipt of the letter.

55. Because the amount listed may be increased due to the addition of interest or fees, the sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

56. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

57. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued

interest will be.

58. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

59. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

60. If "fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what "fees" might apply.

61. If "fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such "fees" will be applied.

62. If "fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of those "fees" will be.

63. If "fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "fees."

64. The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

65. The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

66. These failures are purposeful.

67. Defendant does not advise consumers that if the consumer pays the amount listed, that an adjustment may be necessary after Defendant receives payment, in order to induce payments from consumers.

68. Defendant does not advise consumers that if the consumer pays the amount listed, that the Defendant will inform the consumer of the balance difference before depositing payment, in order to induce payments from consumers.

69. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer that if the consumer pays the amount listed, that an adjustment may be necessary after Defendant receives payment.

70. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer of the difference between the amount listed and the true amount due before depositing payment.

71. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

72. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "fees" might apply.

73. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "fees" will be applied.

74. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what the amount of those "fees" will be.

75. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer the nature of the "fees."

76. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer of the amount of the accrued interest.

77. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such interest will be applied.

78. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what the interest rate is.

79. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer the amount of money the amount listed will increase during any measurable period.

80. For all of these reasons, Defendant failed to clearly state the amount of the debt,

in violation of 15 U.S.C. § 1692g(a)(1).

81. For all of these reasons, Defendant failed to unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

82. For all of these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

83. For all of these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

84. For all of these reasons, Defendant's conduct constitutes a false, deceptive, and misleading representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

85. For all of these reasons, Defendant's conduct constitutes a false, deceptive, and misleading means in connection with the collection of the debt, in violation of 15 U.S.C. §1692e.

86. For all of these reasons, the letter is deceptive from the perspective of the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

87. For all of these reasons, the letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

88. For all of these reasons, the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

89. For all of these reasons, Defendant's conduct violates 15 U.S.C. §§ 1692g(a)(1) and 1692e.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Salim Katach, Esq., as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: September 4, 2017

Respectfully submitted,

By: /s/ *Salim Katach*
Salim Katach, Esq.
Varacalli & Hamra, LLP
*Attorneys for Plaintiff*
110 East 59th Street, Suite 3200 New York, New York 10022 (646) 590-0571

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 4, 2017

Respectfully Submitted,
By: /s/ *Salim Katach*
Salim Katach